### C. C. Stegall v. The State.

### No. 7651. Decided May 16, 1923.

### Rehearing Denied June 20, 1923.

**1.—Aggravated Assault—Evidence—Practice in Trial Court.**

Where the difficulty grew out of some former troubles of debt, and the witness was interrogated with reference thereto by the defendant's counsel, there was no error in permitting the State to ask the question: "Does the defendant still owe you anything?" to which the witness answered affirmatively.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault to murder and a conviction of aggravated assault the evidence sustained the conviction under a proper charge of the court, there is no reversible error, and the refused requested charges relating to murder passed out of the case.

**3.—Same—Simple Assault—Charge of Court.**

The trial court did not err in refusing to submit the law of simple assault under the facts of the instant case.

**4.—Same—Rehearing—Evidence—Motive.**

The purchases by the minor son of defendant, or the transaction involving same, formed the basis of the difficulty in the instant case, and the attitude of all parties relative thereto was admissible for the purpose of showing motive, and there was therefore no reversible error in the action of the trial court in allowing the injured party to testify that appellant still owed him.

Appeal from the District Court of Caldwell. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of aggravated assault; penalty, fifteen months confinement in the county jail.

The opinion states the case.

*C. F. Richards* and *Robert M. Lyles,* for appellant.—On question of evidence with reference to former indebtedness, Hurst v. State, 217 S. W. Rep., 156; Roquemore v. State, 129 id., 1123; Jennings v. State, 42 Tex. Crim. Rep., 78; Wilkerson v. State, 131 S. W. Rep., 1111.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Caldwell County of an aggravated assault, and his puishment fixed at fifteen months in the county jail.

Appeal was on trial for assault to murder. Without dispute it is made to appear that about the 17th of July, 1922, appellant struck Willis Branyon, the alleged injured party, on the head three blows, two of same causing fractures to Mr. Branyon's skull. The doctors who examined the wounds and treated Mr. Branyon said the wounds might easily have resulted in death. The parties who were present at the time of the difficulty said Branyon was rendered unconscious by the blows.

There is but one bill of exceptions in the record, same presenting appellant's exception to a question propounded by the State to Mr. Branyon. Said question was as follows: "Does the defendant still owe you anything?" The objection was based on the proposition that the answer to said question would be calculated to lead the jury to believe that appellant was dishonest and would not pay his debts,

and had not paid them, and that such answer could shed no light on any issue involved in this case. Said bill is qualified by the trial court by a statement calling attention to the fact that appellant first went into the proposition of an indebtedness to Mr. Branyon, and that because of same Mr. Branyon had refused to give one of appellant's sons credit, a short time before this difficulty, and that out of what occurred between appellant's said son and Mr. Branyon at that time, arose the dispute which caused the instant trouble. The court further in said qualification states that the only objection made at the time the testimony was offered was that it was immaterial, irrelevant and prejudicial, and that the defendant having gone into the matter of said indebtedness, he felt that the State was entitled to the facts relative thereto. We are not inclined to think the action of the trial court in this regard erroneous.

The State's theory of the occurrence was that appellant struck Branyon on the head with a bar of iron which was found at the scene of the difficulty by witnesses who so testified. The theory of the appellant was that he struck Branyon on the head with a piece of one by four plank about two feet long and two or three inches wide. There would seem no contention but that serious bodily injury was inflicted upon Mr. Branyon, under the testimony of the doctors. There are some special charges shown in the record, many of which relates to assault to murder and contain instructions that under certain circumstances appellant could not be convicted of more than aggravated assault. In view of the conviction for such assault, a consideration of said charges is pretermitted.

In the absence of any testimony showing that the blows were inflicted by a weapon not capable of inflicting death or serious bodily injury, the trial court did not err in refusing to submit the law of simple assault.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, Judge.—In support of his motion for rehearing appellant insists that we erred in upholding the trial court's action in allowing the injured party to testify that appellant still owed him. Complaint is made of the intimation in the opinion that this evidence was gone into first by appellant himself. The record discloses that appellant had two minor sons who made their home with him, one about seventeen and the other eighteen years of age at the time of this difficulty. There is nothing to suggest that appellant was not responsible for the debts contracted by said minors. It was the contention on behalf of the State and also of appellant that the difficulty upon which the prosecution rested was caused by a refusal

of the injured party to credit one of said minor sons, or upon the transaction involving same. The State's position was that, actuated by resentment because of the treatment of his son by said injured party, appellant with few preliminaries made an assault upon the injured party and inflicted very serious injury upon him with a bar of iron. It was appellant's theory that following a discussion of the same incident the injured party became angry and made an assault upon appellant, resisting which appellant inflicted the injuries complained of. The incident between appellant's son and prosecuting witness Branyon was not referred to in the direct examination of said witness by the State. In his cross-examination we find the following:

"Mr. C. C. Stegall lives about a mile and a half in an easternly direction from me. In the past he had been a patron of my store at times. He had a boy named J. C. * * * J. C. at different times had purchased commodities from me and had become indebted to me, but I could not say positively, as to the articles. At times the boys did buy there and did not pay for them; my relations with the Stegalls at the time had been friendly, and I accorded them the same courteous treatment that I did others; as to whether they accorded me the same courteous treatment other patrons did, will say in the fall season when they came to settle they did not. About the first of June J. C. Stegall came to my store and purchased some articles, and in them were two pieces of bacon, about two pounds each, but it ran up to some six or seven dollars worth of goods. * * * J. C. bought the things of Johnson, the clerk, and Johnson referred him to me for the accommodation of time he wanted on the books for a few days and I refused. I refused to put it on the books. I did not attack him and throw the meat at him. Yes, I threw the meat at him. That was some six weeks before the trouble at the dipping vat."

In its redirect examination the State asked Mr. Branyon if appellant yet owed him and he replied that he did. The matter does not seem to us to be of that material character which appellant attempts to assign to it. The trading transaction on the part of appellant's son was only a few weeks before the alleged assault. The trial of appellant was two or three months later. Even if it had appeared that when the trial took place in November appellant had not yet paid for the articles bought, we do not think this would justify the conclusion that he was a dishonest man, which appellant insists must have in some way affected the jury. The purchase by the minor son or the transaction involving same formed the basis of the difficulty. The attitude of all parties relative thereto was admissible for the purpose of showing the motive of appellant.

The motion for rehearing will be overruled.

*Overruled.*